Appeal from a decree of the Surrogate’s Court, Suffolk County (Stephen L. Braslow, S.), dated December 18, 2015. The decree, insofar as appealed from, upon an order of that court dated October 15, 2015, directed Anita Taormina to distribute accrued net income and one-half of the principal of a trust to Lawrence Keith Eckhouse.
 

 Ordered that the decree is affirmed insofar as appealed from, with costs payable personally by Anita Taormina.
 

 Sal Epstein, also known as Salomon Epstein (hereinafter the decedent), died on August 17, 2008, survived by his two daughters, Anita Taormina and Elena Eckhouse, and three grandchildren. The decedent’s last will and testament bequeathed an amount equal to his lifetime exemption from the federal generation-skipping transfer (hereinafter GST) tax in trust for his grandchildren, with distributions of net income to the grandchildren at least quarterly and mandatory distributions of portions of the principal as the grandchildren attain certain ages, including the age of 30. In October 2008, the Surrogate’s Court admitted the decedent’s will to probate and issued letters testamentary and letters of trusteeship to his daughters.
 

 In February 2015, one of the decedent’s grandchildren, Lawrence Keith Eckhouse, filed a petition pursuant to SCPA 2102 (4) for certain distributions from his GST trust. In an order dated October 15, 2015, the Surrogate’s Court, inter alia, granted that branch of Eckhouse’s motion which was for summary judgment on so much of the petition as sought to require Taormina to distribute accrued net income and one-half of the principal of his GST trust to him, and denied that branch of Taormina’s cross motion which was for summary judgment dismissing so much of the petition as sought those distributions. In an decree dated December 18, 2015, the court, upon the order, directed Taormina to make the distributions. Taormina appeals from the decree.
 

 In support of his motion, Eckhouse established, prima facie, that he was entitled to the distributions of accrued net income and one-half of the trust principal after he reached the age of 30 (see SCPA 2102 [4]). Contrary to Taormina’s contention, she failed to raise a triable issue of fact as to whether the distributions should not be made at that time.
 

 Accordingly, the Surrogate’s Court properly granted the subject branch of Eckhouse’s motion and denied the subject branch of Taormina’s cross motion.
 

 Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.